DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment of conviction and imposition of sentence issued by the Lucas County Court of Common Pleas following appellant's guilty plea to three counts of forgery and one count of grand theft. Because we conclude that the trial court erred in imposing consecutive sentences as part of its community control sanctions, we reverse.
Appellant, Jodi Lehman, was originally indicted on two counts of forgery, in violation of R.C. 2913.31(A) (1); one count of grand theft, in violation of R.C. 2913.02; one count of forgery in violation of R.C. 2913.31(A) (3); and two counts of falsification, in violation of R.C. 2921.13(A) (9). The charges stemmed from appellant's use of another woman's name and social security number to get an Ohio photo ID from the Bureau of Motor Vehicles. Appellant then used that ID to apply for a $5,000 loan, which she obtained from Huntington Bank. She also applied for another $5,000 loan from KeyBank.
Pursuant to a plea bargain, appellant pled guilty to all counts except the falsification charges, upon which the state entered a nolle prosequi. The trial court sentenced appellant to five years community control conditioned upon her serving six months consecutively on each count (a total of twenty-four months) at the Corrections Center of Northwest Ohio ("CCNO"). Upon her release from CCNO, appellant is ordered to seek and maintain employment, make restitution to Huntington Bank in the amount of $226,[1] restitution to the victim in the amount of $2,781 and to pay court costs.
Appellant now appeals the imposition of sentence, setting forth the following sole assignment of error:
 "THE TRIAL COURT ERRED IN FASHIONING ITS SENTENCE FOR APPELLANT AS PROVIDED FOR IN OHIO REVISED CODE SECTIONS 2929.11-2929.20."
This is a case of first impression. The issue is whether a trial court may make consecutive terms of incarceration for multiple offenses conditions of a community control sentence. R.C. 2929.16 permits a court to impose residential sanctions as part of the conditions of community control pertaining to a felony conviction. That section states, in pertinent part:
 "Community residential sanctions include, but are not limited to, the following:
 "(1) A term of up to six-months at a community-based correctional facility that serves the county." (Emphasis added.) R.C. 2929.16(A) (1).
R.C. 5120.16.1(D) provides that a court, when sentencing a person for a felony pursuant to R.C. 2929.16, may include a "sanction that consists of a term of up to six months in a jail or workhouse." Nothing in either of these sections allows for consecutive imposition of jail sentences for multiple offenses. As appellee correctly points out, R.C. 2929.14(E) (3), which articulates the criteria for consecutive sentences for multiple offenses, applies only to prison terms.[2]
In analyzing this issue, we note that the legislature simply may have failed to foresee that a first time offender with multiple non-violent offenses might qualify for community control. If so, then the writers of the current sentencing scheme neglected to address the issue of consecutive sentencing when imposed pursuant to R.C. 2929.16. Under this interpretation, the protections afforded by R.C. 2929.14(E) would arguably apply to all consecutive sentences, and the trial court would still make the required determinations if it orders consecutive sentences under community control sanctions.
However, R.C. 2929.14(E) is on its face unambiguous. It applies only to prison terms. As such, we must presume that the legislature intended the maximum term for a residential community control sanction to be six months, regardless of the number of felonies. Therefore, any residential sanctions pursuant to R.C. 2929.16 for multiple offenses would have to be concurrent.
Furthermore, in our view, the use of community control is an option for those offenders who need only a short incarceration time, similar to shock probation, in order to impress upon them the seriousness of their actions. In contrast, the considerations in support of consecutive sentences apply to a much more serious level of offender and are inconsistent with a finding that community control, rather than prison, is consistent with the purposes of felony sentencing. Therefore, once a court finds that an offender is amenable to community control and opts against prison time, it is precluded from creating a sentence that is merely a substitute for a prison term.
In this case, since the trial court found that community control was appropriate, the maximum term assignable to appellant in a residential facility pursuant to R.C. 2929.16 is six months. Therefore, we conclude that the trial court erred in ordering that appellant serve the four six-month terms consecutively.
Accordingly, appellant's assignment of error is well-taken.
The judgment of the Lucas County Court of Common Pleas is reversed and modified as follows: appellant's four six month terms at CCNO are to be served concurrently. All other terms of appellant's sentence are affirmed. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
MELVIN L. RESNICK, J.
 _______________________________ JUDGE
 JAMES R. SHERCK, J.
 _______________________________ JUDGE
 RICHARD W. KNEPPER, P.J.
 _______________________________ JUDGE
CONCUR.
[1] Appellant had already repaid the $5,000 fraudulently received from the Huntington Bank loan.
[2] R.C. 2929.14 states that the sentences for multiple offenses may be made consecutive, if the court finds that the
 "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender."